IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY GULIZIA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-03-01222 PVT<br><br>**FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW** |

**INTRODUCTION**

    This matter was tried before the court for a period of two days commencing on August 15, 2005.  Plaintiff Anthony Gulizia has brought an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b), for damages incurred as the result of an April 5, 2000 accident in which a United States Postal Service employee, while driving a postal service vehicle, collided with a bicycle ridden by plaintiff.  Mr. Gulizia was represented by his counsel, Franklin Bondonno, and the United States (hereafter the "government") was represented by its counsel, Assistant U. S. Attorney Claire Cormier.

    Having considered all of the evidence introduced at trial and the arguments made by counsel,

the court now issues its findings of fact and conclusions of law.[1] [2]

# FINDINGS OF FACT

**A.    The Accident:**

    1.    On April 5, 2000, at approximately 2:00 p.m., in the City of San Jose, California, plaintiff, Anthony Gulizia, was riding his bicycle on the left side of Race Street in violation of the California Vehicle Code, approaching Luther Avenue.

    2.    At approximately the same time, Dick Liu, who at the time was a mail carrier with the United States Postal Service acting in the scope of his employment, was driving a postal vehicle on Luther Avenue, approaching Race Street.

    3.    There is a stop sign on the corner of Luther Avenue and Race Street, located approximately 10 to 12 feet back from the prolongation of the Race Street curb, directed to drivers on Luther Avenue approaching Race Street.

    4.    According to the plaintiff's accident reconstruction expert, Dr. Rajeev Kelkar, Mr. Gulizia and Mr. Liu collided at a right arc length of approximately 30 feet from the limit line of the stop sign, approximately five paces west and four paces north of the stop sign limit line located on Luther Avenue.

    5.    Mr. Gulizia hit the left front rear-facing mirror on the postal vehicle, scraping and bruising his left torso near the area of his heart.

    6.    The force of the impact caused Mr. Gulizia to fall from his bicycle and caused the mirror glass to shatter and fall onto Mr. Gulizia's chest as he lay on the ground.

    7.    There is disputed testimony regarding whether or not Mr. Liu made a full and complete stop at the stop sign before making his right turn onto Race Street and colliding with Mr. Gulizia.

---

[1]    The findings of fact and conclusions of law of this court are limited to the facts of this federal tort action.

[2]    To the extent that any statement in the findings of fact makes any reference to the law, it shall be deemed as both a finding of fact and conclusion of law. Similarly, to the extent that any conclusion of law includes any matter of fact, it shall be deemed by the court as both a finding of fact and conclusion of law.

8. Mr. Gulizia testified that Mr. Liu did not stop at the stop sign. He stated that he saw Mr. Liu approaching the stop sign and that he presumed Mr. Liu would stop, but that he did not stop.

9. Mr. Liu testified that he came to a complete stop and looked both ways at least twice before making his turn. He testified that this intersection was part of the regular route that he had driven for several years before the accident, and that he always fully stopped at this stop sign. Because of the buildings on the corners, he would then have to creep forward in order to determine if traffic on Race Street was clear so that he could make his right turn.

10. Tommy Lee Gray testified that Mr. Liu slowed down but did not come to a complete stop at the stop sign. However, Mr. Gray's trial testimony was inconsistent in many respects from his deposition testimony, the testimony of other witnesses including plaintiff's expert, and objective facts about the intersection, including testimony as to his location at the time of the accident and his testimony that there was a turning lane on Race Street when no such lane exists. Accordingly, the court disregards Mr. Gray's testimony as unreliable.

11. Because Mr. Gulizia and Mr. Liu provide different accounts regarding Mr. Liu's conduct, the court is unable to determine whether or not Mr. Liu came to a complete stop.[3]

12. However, the court need not decide this specific factual issue because the testimony of the accident reconstruction expert, Dr. Rajeev Kelkar, demonstrates that whether or not Mr. Liu came to a complete stop is immaterial to the causation of the subject accident. Dr. Kelkar testified that, based on his calculations, the accident could have taken place as described in the police report whether Mr. Liu came to a complete stop and then accelerated through the turn, or if Mr. Liu slowed down but did not stop as he made the turn. Accordingly, if the accident would have happened whether or not Mr. Liu came to a complete stop, then the failure to stop (if in fact he failed to stop) would not be a cause of the accident. Therefore, the court need not make a factual finding on this

---

[3] The Court notes that Mr. Gulizia has asserted that Mr. Liu's testimony regarding whether or not he stopped at the stop sign should not be credited because, Mr. Gulizia contends, Mr. Liu provided false testimony that Mr. Gulizia's bicycle was not extensively damaged in the accident. Mr. Gulizia and rebuttal witness, John Holton, both testified that the bicycle was damaged when they had possession of it some months after the accident. However, there was no testimony or other evidence regarding what may have happened to the bicycle during the months that it was left with one of the businesses near the accident site before Mr. Gulizia retrieved it. Accordingly, the evidence does not support plaintiff's contention that Mr. Liu provided false testimony regarding lack of extensive damage to the bicycle.

3

issue.

13.     Dr. Kelkar also testified that, based on his calculations of the speed and distance traveled by both Mr. Liu and plaintiff, he concluded that Mr. Liu did not look to the right (towards Mr. Gulizia) before beginning his turn. However, his calculations are based on very limiting assumptions. First, the calculations assume that Mr. Liu and Mr. Gulizia were traveling specific rates of speed, in particular, Dr. Kelkar assumed a rate of speed for Mr. Gulizia which was not sufficiently established for the trier of fact. Second, the calculations seek to determine whether Mr. Liu looked to the right at the moment he began to travel over the stop sign limit line. If instead Mr. Liu looked to the right, and then looked to the left for some seconds immediately before traveling over the limit line,[4] Dr. Kelkar's calculations would not be correct.

14.     More importantly, Dr. Kelkar's calculations presumed that there were no obstructions blocking Mr. Liu's view to the right down Race Street. However, Mr. Gulizia testified that he believes there was at least one car parked on Race Street by the building at the northeast corner of Luther Avenue and Race Street. That car may have blocked Mr. Liu's view. In addition, the northeast corner building has pillars that partially block the view from Luther Avenue to the right down Race Street.

15.     Given these timing issues and the evidence of obstructions that could have blocked Mr. Liu's view, Mr. Gulizia has not proven that Mr. Liu failed to look to the right before commencing his turn.

16.     As noted above, Mr. Gulizia was riding his bicycle on the left side of the street at the time of the accident. Mr. Gulizia concedes that this was a violation of the California Vehicle Code.

17.     Accordingly, the court finds that plaintiff Anthony Gulizia was the party responsible for this accident, and that Mr. Liu, and thus the defendant United States of America, is not responsible.

//

//

---

[4] The court, as the trier of fact, notes, and Dr. Kelkar testified, that drivers waiting to make a right turn typically spend more time looking to the left, where road traffic should be approaching, than to the right, where there should be no oncoming road traffic.

4

B.    <u>Damages</u>

1.    Because the court finds no liability on the part of the defendant, the court does not reach the issue of damages.

## CONCLUSIONS OF LAW

1.    Mr. Liu was acting in the scope of his federal employment at the time of the subject accident. Therefore, the United States can be held liable only if, and to the extent that, liability would attach to a private actor under the law of the place where the tort occurred. *See* 28 U.S.C. §1346(b)(1).

2.    At the time of the accident, Mr. Gulizia was riding his bicycle on the left side of the road, in violation of California Vehicle Code §21202. Because this accident was of the type which the statute was designed to prevent, and because Mr. Gulizia's violation of the statute proximately caused the accident, the doctrine of negligence per se applies, and plaintiff Anthony Gulizia is found negligent as a matter of law. *See* Cal. Evid. Code §669. The accident would not have happened had plaintiff been riding his bicycle in compliance with the statute.

Dated: October 6, 2005

*[signature: Patricia V. Trumbull]*
PATRICIA V. TRUMBULL
United States Magistrate Judge

5